UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
UNITED STATES OF AMERICA          :    Crim. No. 3:23CR43 (RNC)
                                  :
                                  :
       v.                         :
                                  :
                                  :
KENNETH JOYNER                    :    November 28, 2023
                                  :
-------------------------------------------------------x
```

FINDINGS AND RECOMMENDATION ON A PLEA OF GUILTY

The captioned matter was referred to the undersigned and a hearing pursuant to Fed. R. Crim. P. 11 was conducted on November 28, 2023, in person and on the record, with the written consent of the defendant, counsel for the defendant and counsel for the United States, regarding the defendant's request to enter a plea of "Guilty" to Counts One and Two of the Indictment in this matter charging him with: Unlawful Possession of a Firearm with an Obliterated Serial Number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B)(Count One) and Possession with Intent to Distribute to Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). Based upon the answers given by the defendant under oath and in the presence of counsel; the remarks of defense counsel and counsel for the government; the written representations in the plea agreement, including the stipulation of offense and relevant conduct contained therein, and the plea petition prepared by the defendant with the assistance of counsel, I find the following:

- That the defendant understands he was under oath and that to the extent he provides any false statements, he understands he may be prosecuted by the government for perjury or making a false statement and that the government may use the substance of those statements in any such prosecution;

1

- that the defendant is competent to plead and understands his right to plead not guilty, and having already so pleaded, his right to persist in that plea;

- that he understands the nature of the charges against him in Counts One and Two of the Indictment to which he pleaded guilty;

- that he knows he has the right to be represented by counsel at trial and at every other stage of the proceeding, and, if necessary, have the court appoint counsel at no cost to him, and is satisfied with his current counsel;

- that he understands his right to trial by jury, including the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses, and that he understands he would be giving up these rights if he pleaded guilty and the Court accepts that plea;

- that he knows the maximum period of imprisonment that could be imposed as to each count of conviction, the maximum periods of supervised release that could be imposed as to each count of conviction, the consequences of a violation of supervised release, the maximum potential fine that could be imposed as to each count of conviction, the mandatory special assessment of $100.00 per count of conviction for a total of $200 and that the Court has the authority to order restitution, though restitution does not specifically apply in this case.  The defendant also knows that he agreed to forfeit certain items specified in his plea agreement  and that the Court has the authority to order such forfeiture as part of the sentence to be imposed in this case.

- That the defendant understands and accepts the terms of the plea agreement he entered with the government.

- That the defendant understands his appeal rights as limited by the terms of the appeal and collateral attack waiver contained in his plea agreement and that he entered such waiver knowingly and voluntarily.

- that he knows that the Court is obligated to consider the advisory sentencing guidelines range, possible departures under the sentencing guidelines, and other sentencing factors under applicable sentencing law, including 18 U.S.C. §3553(a), and that any factual disputes at sentencing will be resolved by the Court by a preponderance of the evidence;

- that he understands the potential immigration consequences of felony convictions if he were not a United States citizen, and that he understands the other collateral consequences of felony convictions;

- that he knows he will not be permitted to withdraw his plea of guilty if the calculation of the sentencing guidelines or the sentence ultimately imposed is other than he anticipates;

- that the defendant understands the elements of the offenses to which he pleaded guilty, which the government is required to prove beyond a reasonable doubt at a trial, and that there is a factual basis for the defendant's plea as to Counts One and Two of the Indictment; and

- that the defendant's waiver of rights and pleas of guilty to Counts One and Two of the Indictment have been knowingly and voluntarily made, are of his own free will, were not coerced and were not the product of any other promises other than those contained in the plea agreement.

The Court also finds that, based on the representations of government counsel, there are no parties who had rights in regard to this proceeding under 18 U.S.C. § 3771.

Accordingly, I hereby RECOMMEND that the defendant's plea of guilty to Counts One and Two of the Indictment, that is, violations of 18 U.S.C. §§ 922(k) and 924(a)(1)(B)(Count One) and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)(Count Two) be accepted.

Dated this 28th day of November, 2023, at Bridgeport, Connecticut.

/s/ S. Dave Vatti

S. Dave Vatti,
United States Magistrate Judge